UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIC GAMBLE and BRITTANY GAMBLE,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, et al.,<br><br>    Defendants. | Case No. CIV-25-396-R |

## ORDER

Plaintiffs initiated this action in state court asserting claims for breach of contract, bad faith and constructive fraud/negligent misrepresentation against State Farm and claims for negligent procurement of insurance and constructive fraud/negligent misrepresentation against Tyler McCall and the Tyler McCall Insurance Agency, Inc. State Farm removed the case, contending that Mr. McCall and the McCall Agency[1] were fraudulently joined and their non-diverse citizenship may therefore be disregarded for purposes of establishing diversity jurisdiction. Now before the Court is Plaintiffs' Amended Motion to Remand [Doc. No. 16] arguing that State Farm has not met its burden of showing fraudulent joinder. The motion is fully briefed [Doc. Nos. 20, 21, 24] and at issue.

---

[1] For ease of reference, and because Plaintiffs do not distinguish between Mr. McCall and the McCall Agency, the Court refers to these parties together as the McCall Agency.

## STANDARD

The standard for establishing that a defendant has been fraudulently joined is a difficult one: "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011). This standard "is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)" and requires all factual disputes and all ambiguities in the controlling law to be resolved in the plaintiff's favor. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished);[2] *see also Dutcher,* 733 F.3d at 988. "[R]emand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Montano*, 211 F.3d at *2. However, where a defendant's "non-liability is…established as both a matter of fact and law," the defendant's joinder is fraudulent and remand is appropriately refused. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). Further, "it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). But courts must be careful not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* at 882.

---

[2] Unpublished decisions are cited for their persuasive value. *See* Fed. R. App. P. 32.1.

## DISCUSSION

This case arises from State Farm's alleged wrongful denial of Plaintiffs' claim for storm damage to their property, including its refusal to pay for a full roof replacement. Plaintiffs allege that the denial was part of a systemic and pervasive scheme by State Farm to deny wind and hail damage claims based on an undisclosed and narrow definition of hail damage and a variety of bad faith claims handling tactics. Pet. [Doc. No. 1-2] ¶ 1. State Farm implemented the scheme, in part, through its "Hail Focus initiative," which allegedly aims to reduce indemnity payments and deny full roof replacements to policyholders. *Id.* ¶¶ 4, 10. Plaintiffs claim that she was subjected to this scheme when State Farm denied her claim for storm damage.

The McCall Agency is the State Farm insurance agency that sold Plaintiffs the insurance policy. Plaintiffs allege that State Farm's "captive agents," like the McCall Agency, are aware of the scheme to underpay hail damage claims but fail to disclose it to the insured. *Id.* ¶¶ 1, 4, 35. They assert that the McCall Agency negligently failed to procure the insurance coverage they requested and misrepresented, concealed, or omitted material facts from Plaintiffs. State Farm argues that Plaintiffs cannot possibly state a claim against the McCall Agency under either of these theories of recovery. The Court agrees.

With respect to the negligent procurement claim, Oklahoma law recognizes that an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance." *Swickey v. Silvey Co.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). "This duty rests, in part, on specialized knowledge about the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*,

83 P.3d 894, 895 (Okla. Civ. App. 2004) (internal quotations marks and brackets omitted). An insurance agent can therefore be liable to the insured in negligence "if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey*, 979 P.2d at 269. However, "the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance" is limited to needs disclosed by the insured. *Rotan*, 83 P.3d at 895. Agents "do not have a duty to advise an insured with respect to his insurance needs" and "a general request for adequate protection and the like does not change this duty." *Id.* (internal quotation marks and brackets omitted). Thus, "[t]o discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id.*

Here, Plaintiffs alleges that they contacted the McCall Agency "to procure full replacement cost homeowners insurance coverage from State Farm," they requested "a replacement cost policy," they "expressly and/or inherently disclosed concerns and insurance needs to Agent," Agent was "aware that the Plaintiff [sic] needs coverage under a policy that would fully replace the Insured Property's roof in the event of a loss, without exclusion of any weather-related losses," and that "[b]y virtue of the act of procuring the Policy and binding coverage" the Agent "expressly and/or inherently conveyed that [the] coverage limit was accurate." Pet. ¶ 25. They then claim that the McCall Agency negligently procured a policy that provides illusory coverage, deviates

4

from what they requested, and does not accurately reflect the replacement cost value of the property. *Id.* ¶ 63.

However, it is clear from Plaintiffs' allegations and the record that Plaintiffs received the policy they requested and had sufficient coverage to replace their roof. The policy is an all-risk replacement cost policy that provides coverage for any accidental direct physical loss, including wind and hail damage. Pet. ¶¶ 4(c), 31-33. Because Plaintiffs received the replacement cost value policy they requested, they cannot possibly show that, "by the agent's fault, insurance [was] not procured as promised." *Swickey*, 979 P.2d at 269. Plaintiffs' damages flow from State Farm's allegedly improper interpretation of their policy and adjustment of their claim, not the agent's failure to procure the correct type of policy, type of coverage, or coverage limit. *See Stafford v. State Farm Fire & Cas. Co.,* CIV-25-08-HE (W.D. Okla. May 25, 2025) ("The fact that a claim under a policy is denied, or paid at a level less than that sought by the insured, does not, without more, render the policy illusory."); *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.,* No. 24-1101-D, 2025 WL 582562, at *4 (W.D. Okla. Feb. 21, 2025) (no viable claim against agent because "Plaintiff's alleged damages arose, not because of the type of insurance procured, but because State Farm refused to replace Plaintiff's roof"); *Steinkamp v. State Farm Fire & Cas. Co.,* No. CIV-22-00047-PRW, 2023 WL 11920886, at *2 (W.D. Okla. Sept. 29, 2023) (no viable claim against agent because "Plaintiff's claim against State Farm depends upon what damage her roof sustained, not the terms of her policy"). As a result, Plaintiffs have no possibly viable claim against the McCall Agency for negligent procurement of insurance.

Plaintiffs' remaining cause of action asserts that the McCall Agency engaged in constructive fraud and negligent misrepresentation. A constructive fraud claim under Oklahoma law requires a "breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, … by misleading another to his prejudice, …." Okla. Stat. Ann. tit. 15, § 59(1); *see also Sullivan v. Wyndham Hotels & Resorts, Inc.,* No. 21-7003, 2021 WL 5822690, at *3 (10th Cir. Dec. 8, 2021) (explaining that negligent misrepresentation requires a material misrepresentation, a breach of a duty in making the misrepresentation, and reasonable reliance to the plaintiff's detriment). Such a duty "may arise if a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008) (applying Oklahoma law). "In other words, one conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud even though his statement is true as far as it goes, since concealment is in effect a false representation that what is disclosed is the whole truth." *Id.* (internal quotation marks and brackets omitted).

Plaintiffs allege that "Defendants" made several misrepresentations, including that the property met all underwriting guidelines, the property was eligible for replacement cost coverage, all property inspections had occurred, the replacement cost value was accurate, and the policy covered all weather-related damage. Plaintiffs also allege that "Defendants" failed to disclose that pre-existing issues with the property would prevent or limit coverage. They further contend that they communicated with the McCall Agency after their claim was submitted, the agent referred to efforts to convince State Farm to reconsider its claims decision as a "hail mary," and the agent conveyed that State Farm did not receive Plaintiffs'

roofer had sent documents. Plaintiffs do not, either in their allegations or briefing, identify any specific statements made by the McCall Agency during the procurement process about inspections, underwriting, or claims handling. Plaintiffs do, however, repeatedly assert that these misrepresentations or omissions were inherent in the McCall Agency's act of procuring, binding, and selling the policy. *See* Pet. ¶¶ 4, 19, 25, 36, 63(b)(5); Pl.'s Mot. at 1 ("McCall represented to the Plaintiffs – by virtue of the act of marketing, selling, procuring, and binding State Farm replacement cost insurance coverage…"), at 14 ("By selling and/or renewing the policy and binding coverage, McCall represented…").

Regardless, none of these alleged misrepresentations or omissions have a causal connection to Plaintiffs' claimed damages. State Farm issued Plaintiffs a replacement cost policy, so the property did meet the underwriting guidelines and was eligible for replacement cost coverage. *See Steinkamp*, 2023 WL 11920886, at *4 ("This cannot be a misrepresentation because there is no indication that Plaintiffs' property did not meet State Farm's underwriting requirements."). There is no indication that the coverage values are wrong or that the property had some pre-existing defect that negated or limited coverage for wind and hail damage to the roof. State Farm's determination that some of the claimed damage is attributable to a non-covered peril or was not caused by storm damage does not mean the coverage is negated, as evidenced by the fact that State Farm found covered damage to the property. *See* Pet. ¶ 40(e). The policy provides coverage for any accidental direct physical loss, including wind and hail damage to the roof, but the parties disagree about the extent of the damage and whether some of the damage was caused by wind/hail. Thus, any implied representations by the agent about the property's condition or its

7

eligibility for a replacement cost value policy were either true or not the cause of Plaintiffs' losses. *See Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. 24-1101-D, 2025 WL 582562, at *5 (W.D. Okla. Feb. 21, 2025) ("[T]he Court is unable to make out a causal nexus between [the agent's] actions at the procurement stage and Plaintiff's alleged prejudice at the coverage determination stage.").

Plaintiffs further allege that the McCall Agency failed to disclose information about State Farm's bad faith claim's handling tactics and the Hail Focus initiative. However, Plaintiffs have not identified any statements that might give rise to a duty to disclose this information. *See Stafford v. State Farm Fire & Cas. Co.,* CIV-25-08-HE (W.D. Okla. May 25, 2025) (concluding that the plaintiff had not alleged any facts show that the insurance agent had a duty to disclose State Farm's bad faith claims handling or undisclosed definitions). As a result, Plaintiffs have not asserted a possibly viable claim against Mr. McCall or the McCall Agency for constructive fraud/negligent misrepresentation.

## CONCLUSION

State Farm has met its burden of establishing that Plaintiffs are unable to establish a cause of action against Mr. McCall or the McCall Agency for negligent procurement or constructive fraud/negligent misrepresentation. Mr. McCall and the McCall Agency are fraudulently joined defendants, and their citizenship is therefore disregarded for purposes of determining subject matter jurisdiction. Plaintiffs' Amended Motion to Remand [Doc.

No. 18] is DENIED and the claims against Mr. McCall or the McCall Agency are dismissed without prejudice.³

IT IS SO ORDERED this 2nd day of July, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

³ Plaintiffs' Motion includes a perfunctory request to conduct jurisdictional discovery to confirm the agent's complicity in the alleged scheme. Plaintiffs have not formally moved for jurisdictional discovery or provided an adequately developed argument as to why jurisdictional discovery should be permitted. The request is therefore denied.